Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:   (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Jine Eng*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jine Eng,<br><br>             Plaintiff,<br><br>       v.<br><br>Hartford Life and Accident Insurance Company, Discover Financial Services, Group Long Term Disability Plan for Employees of Discover Financial Services,<br><br>             Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Jine Eng (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

### *Jurisdiction*

1.      Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

***Parties***

2.      Plaintiff is a resident of Maricopa County, Arizona.

3.      Upon information and belief, Defendant Discover Financial Services (hereinafter referred to as the "Company") sponsored, subscribed to and administered a group disability insurance policy which was fully insured and administered by Hartford Life and Accident Insurance Company (hereinafter referred to as "Hartford"). The specific Hartford policy is known as group policy GLT 675833. The Company's purpose in purchasing the Hartford policy was to provide disability insurance for its employees. Upon information and belief, the Hartford policy may have been included in and part of the Group Long Term Disability Plan for Employees of Discover Financial Services (hereinafter referred to as the "Plan") which may have been created to provide Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4.      Upon information and belief, the Company or Plan may have delegated responsibility for the plan and/or claim administration of the policy to Hartford. Plaintiff believes that as it relates to her claim, Hartford functioned in a fiduciary capacity as the Plan and/or Claim Administrator.

5.      Upon information and belief, Plaintiff believes Hartford operated under a conflict of interest in evaluating her claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of benefits; *to wit,* Hartford's conflict existed in that if it found Plaintiff was disabled it was also liable for payment of those benefits.

-2-

6.     The Company, Plan and Hartford conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

### *Venue*

7.     Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### *Nature of the Complaint*

8.     Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

9.     After working for the Company as a loyal employee, Plaintiff became disabled due to serious medical conditions and was unable to work in her designated occupation as a Supervisor/Team Coach on or about January 15, 2008.  Plaintiff has remained disabled as that term is defined in the relevant policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

10.     Following her disability, Plaintiff applied for and received short term disability benefits through The Reed Group, who, upon information and belief, administered the short term disability policy provided for the Company's employees.

11.     Plaintiff thereafter applied for long term disability benefits under the relevant Hartford policy.

12.     The relevant long term disability policy provides the following definition of a covered disability which applies to Plaintiff's claim:

Disability or Disabled means You are prevented from performing one or more of the Essential Duties of:

   1)  Your Occupation during the Elimination Period;

   2)  Your Occupation, for the 24 months(s) following the Elimination Period, and as a result of Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and

   3)  After that, Any Occupation.

13.     The relevant long term disability policy provides the following definition of essential duty which applies to Plaintiff's claim:

Essential Duty means a duty that:

1) is substantial, not incidental;

2) is fundamental or inherent to the occupation; and

3) cannot be reasonably omitted or changed.

Your ability to work the number of hours in Your regularly scheduled work week is an Essential Duty.

14.     In support of her claim for long term disability benefits, Plaintiff submitted medical records to Hartford from her treating physicians which supported her allegation she met the relevant definition of disability in the policy.

15.     In support of Plaintiff's long term disability claim, Hartford was provided with a copy of Plaintiff's short term disability claim file from The Reed Group.  In addition, Hartford was provided with a March 31, 2008 medical record from one of Plaintiff's treating physicians stating Plaintiff would be out of work for a period of time due to her serious medical conditions.  Hartford was further provided with a healthcare provider statement stating that Plaintiff will be required to miss work at least three times per week due to her serious medical conditions.

16.     In a letter dated July 1, 2008, Hartford notified Plaintiff it had approved her claim for long term disability benefits.

17.     As part of its ongoing evaluation of Plaintiff's claim, Hartford notified Plaintiff in a letter dated October 15, 2008, she no longer met the relevant definition of disability and was only entitled to benefits through October 14, 2008, without any evidence Plaintiff's medical condition had improved or that she was able to engage in her regular occupation given her restrictive work abilities because it erroneously concluded she failed to provide sufficient evidence to support the continued severity of her serious medical conditions, relying heavily on a statement from one of Plaintiff's treating physicians that her serious medical conditions "were stable."

18.     Hartford's October 15, 2008 denial letter confirms it failed to provide a full and fair review pursuant to ERISA because it completely failed to reference, consider, and/or selectively reviewed and de-emphasized most, if not all Plaintiff's evidence. Hartford's determination was also erroneous and unlawful because Plaintiff's medical condition had not improved in any meaningful way which would have allowed a return to work[1] from the time it originally evaluated and approved her long term disability claim; *to wit*, Plaintiff remained unable to engage in her own occupation.

19.     Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed the October 15, 2008 denial of her claim for long term disability benefits in a letter dated April 10, 2009.  In support of her appeal, Plaintiff submitted additional medical information and lay witness

---

[1] *McOsker v. Paul Revere Life Ins. Co.*, 279 F.3d 586 (8th Cir. 2002) (holding once the claimant establishes an entitlement to benefits, absent changed circumstances, the propriety of a termination is questionable); *see also*, *Regula v. Delta Family-Care Disability Survivorship Plan,* 266 F.3d 1130 (9th Cir. 2001); *Walke v. Group Long Term Disability Ins.,* 256 F.3d 835 (8th Cir. 2001); and *Levinson v. Reliance Standard,* 245 F.3d 1321 (11th Cir. 2001) (placing burden on insurer to establish claimant's ability to work).

affidavits which demonstrated she was unable to engage in any occupation as set forth in the relevant Hartford long term disability policy.

20.    On appeal, Plaintiff submitted a December 8, 2008 medical record from one of her treating physicians stating she was to "[r]emain off work and on disability at this time."  This physician also explained that "stable means that [Plaintiff's] symptoms have not changed.  It does not mean in any way that her symptoms have improved."  Plaintiff further submitted a Functional Abilities Evaluation report prepared by a qualified physical therapist which found Plaintiff "would be unable to perform the tasks necessary for sedentary work or from sustaining any employment consistently nor on any regular full-time basis."  Plaintiff also submitted a June 25, 2009 narrative statement from one of her treating physicians stating for "the foreseeable future" Plaintiff will be "unable to work."

21.    Plaintiff also submitted a July 24, 2009 Employability & Earning Capacity Assessment report prepared by a qualified vocational rehabilitation and labor market consultant which states Plaintiff "is unable to engage in any form of competitive employment as a result of her medical conditions" and concludes Plaintiff "meets the requirements for disability as defined by the Social Security Administration and the Discover Financial Services Plan…"  Plaintiff also submitted an August 14, 2009 narrative letter from one of her treating physician which described Plaintiff's serious medical conditions and confirmed she would have "a difficult time" performing even in a sedentary position.

22.    In further support of her appeal, Plaintiff submitted to Hartford a sworn affidavit from a friend who confirmed Plaintiff's condition had deteriorated. The Affiant opined Plaintiff was totally unable to work in any occupation.  Plaintiff also submitted an affidavit from a former co-worker who, likewise, rendered an opinion consistent with those referenced by Plaintiff's friend.  Plaintiff also submitted an affidavit from her long time

companion who also rendered an opinion consistent with those referenced by the above mentioned Affiants.

23.     As part of its review of Plaintiff's claim, Hartford referred Plaintiff's claim to MES Solutions ("MES"), a third party vendor, in order to obtain a medical review by an alleged independent physician.

24.     Upon information and belief, MES declares on its website [2] to be in the business of providing claim review services to the disability insurance industry and is the nation's "largest" and "most experienced" claim review service provider available:

> National Leader in Independent Evaluation Services.
>
> Largest and most experienced independent medical evaluation and peer review company in the nation.

25.     Upon information and belief, due to its extensive business relationship with the disability insurance industry and possibly Hartford, Plaintiff believes the involvement of MES in the review of her claim presents a conflict of interest and is a reason her claim was denied and why she did not receive a full and fair review pursuant to ERISA, 29 U.S.C. § 2560.503-1.   Due to the nature of MES' relationship with the disability insurance industry and Hartford's reliance on MES, Plaintiff questions the objectivity and impartiality of Hartford, MES and any individual retained by Hartford and/or MES to review her claim and provide a full and fair review.

26.     MES and Hartford's conflicts of interest are evident in the September 3, 2009 and September 24, 2009 Peer Review Reports authored by MES contractor Howard Choi, M.D., who was retained to provide an alleged independent peer review of Plaintiff's claim.

---

[2] *See* www.mesgroup.com

1

2          27.     Upon information and belief, based on a cursory review of the LEXIS legal

3   database, [3] Plaintiff believes Dr. Choi may be a long time consultant for the disability

4   insurance industry, including companies such as MES and other similar insurance industry

5   related entities and therefore, she believes Dr. Choi's review of her claim is a conflict of

6   interest and a reason her claim was denied and she did not receive a full and fair review

    pursuant to ERISA, 29 U.S.C. § 2560.503-1.

7          28.     Upon information and belief, Dr. Choi was not medically qualified to fully

8   and fairly evaluate Plaintiff's serious medical conditions. [4]  In evaluating Plaintiff's claim

9   on appeal, Hartford had an obligation pursuant to ERISA to administer Plaintiff's claim

10  "solely in her best interests and other participants" and it afforded her an unlawful review by

11  failing to do so.[5]

12         29.     Plaintiff believes it was unreasonable and evidence of Hartford's conflict of

13  interests for Plaintiff's claim to be referred to a physician who did not have the medical

14  training, knowledge or experience to fully and fairly evaluate Plaintiff's disability.   A

15  reasonable un-conflicted fiduciary making a good faith effort to afford a full and fair review

16  would have retained a fully qualified physician to review Plaintiff's claim on appeal.

17

18  [3] *See MacLeod v. Reliance Std. Life Ins. Co.*, 2010 DNH 29 (D. N.H.); and, *Jacobson v. SLM*
19  *Corp Welfare Benefit Plan*, 2009 US Dist. LEXIS 78597 (S.D. Ind.).

20  [4] *See Jacobson*, *supra*, 2009 U.S. Dist. LEXIS at 7-8 (pointing out that Dr. Choi has no
    specialized training relating to Plaintiff's serious medical conditions.)

21
22  [5] ERISA sets a special standard of care upon a plan administrator, namely, that the administrator
    "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the
23  participants and beneficiaries" of the plan.  *See* 29 U.S.C. § 1104(a)(1). ERISA simultaneously
    underscores the particular importance of accurate claims processing by insisting that
24  administrators "provide a 'full and fair review' of claim denials." *See Firestone*, 489 U.S. at 113,
    109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting 29 U.S.C. § 1133(2)).   ERISA also supplements
25  marketplace and regulatory controls with judicial review of individual claim denials. *See* 29
    U.S.C. § 1132(a)(1)(B); and, *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (2008).

26

"ERISA imposes higher-than-marketplace quality standards on insurers" [6] and Hartford's referral of Plaintiff's claim on appeal to Dr. Choi falls well below the market place standards set forth in *Glenn* and therefore, Hartford denied Plaintiff of a full and fair review.

30.    In his September 3, 2009 report, Dr. Choi did not examine Plaintiff and his opinion that Plaintiff was not and have never been disabled from her own occupation as of January 14, 2008, is contrary to the express findings of Plaintiff's treating physicians, The Reed Group and Hartford itself and was based entirely on a selective review of the evidence which actually supports Plaintiff's claim.    Dr. Choi's review of Plaintiff's medical records was flawed because it was selective and de-emphasized evidence Plaintiff submitted which proved she was disabled in order to provide a reason for Hartford to justify a denial of her claim.

31.    Dr. Choi prepared a supplemental Peer Review Report dated September 24, 2009, again erroneously concluding Plaintiff's medical records do not support her inability to work full time in her own occupation.    Plaintiff believes Dr. Choi's September 24, 2009 report is flawed for the same reasons set forth herein with regard to his September 3, 2009 report which is incorporated herein by reference.

32.    Upon information and belief, Plaintiff believes Dr. Choi may have an incentive to protect his own consulting relationship(s) with the disability insurance industry by providing medical review reports which selectively review and ignore evidence as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are favorable to insurance companies such as Hartford and which support the denial of Plaintiff's claim.

---

[6] *Id.*

Plaintiff believes Dr. Choi's review of her claim presents a conflict of interest and is a reason her claim was denied and she did not receive a full and fair review pursuant to ERISA, 29 U.S.C. § 2560.503-1.

33.    In a letter dated October 6, 2009, without any evidence Plaintiff's medical condition had improved or that she was able to engage in her regular occupation given her restrictive work abilities, and relying extensively on Dr. Choi's opinions, Hartford notified Plaintiff it was upholding the denial of her claim for long term disability benefits after it erroneously found Plaintiff failed to demonstrate she was disabled as defined by the relevant policy.  Hartford's denial again failed to provide Plaintiff with a full and fair review by failing to properly investigate her claim in violation of ERISA, specifically 29 C.F.R. § 2560.503-1(h) because it again completely failed to reference, consider and/or selectively reviewed most if not all of her evidence which adequately documented continued support of the fact her medical conditions had not improved and she continued to meet the definition of disability.

34.    Hartford denied Plaintiff a lawful, full and fair review pursuant to ERISA for various reasons including but not limited to, failing to consider all evidence submitted by Plaintiff or de-emphasizing the medical evidence supporting Plaintiff's disability, disregarding Plaintiff's self-reported symptoms, failing to consider all the limitations set forth in her medical evidence, failing to obtain a peer review evaluation from a disinterested, qualified physician, failing to evaluate the combination of all of Plaintiff's serious medical conditions and failing to request for Plaintiff to undergo an independent medical examination as allowed in the policy.

35.    Hartford has notified Plaintiff she has exhausted her administrative appeals.

36.     In evaluating Plaintiff's claim on appeal, Hartford had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [7]

37.     Plaintiff believes the reason Hartford provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest and this conflict is a reason her disability claim was denied.

38.     Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of Hartford and any individual, including Dr. Choi, who reviewed her claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced Hartford's decision to deny her claim.

39.     With regard to whether Plaintiff meets the definition of disability set forth in the policy, the Court should review the evidence in Plaintiff's claim *de novo* because the unlawful violations of ERISA committed by Hartford as referenced herein are flagrant.

40.     As a direct result of Hartford's decision to deny Plaintiff's disability claim she has been injured and suffered damages in the form of lost disability benefits in addition to other potential employee benefits she may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled.

41.     The evidence supports a finding that Plaintiff meets the "own" and "any" occupation definitions of disability in the policy.  Therefore, Plaintiff is entitled to benefits pursuant to both definitions of disability even though Defendants did not make a determination on whether she met the "any" occupation definition of disability.  As a result of Defendants' decision that she did not meet the less restrictive "own" occupation definition

---

[7] *See* Footnote 5, *supra*.

of disability, it is or was administratively futile for Plaintiff to have sought a determination from Defendants with regard to whether she met the definition of disability for "any occupation" benefits before she received a final administrative denial in her claim.

42.   Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

43.   Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A.   For an Order requiring Defendants to pay Plaintiff disability benefits pursuant to the "own" and "any" occupation definitions of disability as a result of her meeting both definitions of disability in the policy from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon as well as any other employee benefits she may be entitled to from the Plan and/or Company as a result of being found disabled;

B.   For an order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time as she meets the Plan or policy conditions for termination of benefits;

C.   For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D.   For such other and further relief as the Court deems just and proper.

DATED this 12th day of March, 2010.

SCOTT E. DAVIS. P.C.

By:   */s/ Scott E. Davis*
      Scott E. Davis
      Attorney for Plaintiff